

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00097-CR
_____

MATTHEW ALBERT SPARKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. 8286

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Matthew Albert Sparks was convicted of tampering with physical evidence. The trial court suspended a sentence of ten years' imprisonment and placed Sparks on community supervision. His community supervision was revoked after he pled true to failure to report, pay fees and costs, and perform community service as required by the trial court's community supervision order. Sparks appeals the revocation proceeding on the ground that punishment was based on an inaccurate presentence investigation (PSI) report.

The PSI report listed fourteen "prior records" along with three "new arrests." Sparks filed a motion objecting to the new arrests contained in the PSI report arguing they could not be considered during punishment unless the trial court found the State proved the new arrests beyond a reasonable doubt. During the punishment phase of the trial, Sparks' attorney "object[ed] to the admission of the PSI as it relate[d] to the new arrest[s]." The trial court sustained Sparks' objection to the new arrests and announced it was "not going to consider them for any purpose." On appeal, Sparks complains that the trial court considered the PSI report, which contained inaccuracies that only Sparks could correct by waiving his rights against self-incrimination. The alleged inaccuracy is not contained within Sparks' brief.

As a prerequisite to presenting a complaint for our review, Sparks must have made a complaint about alleged inaccuracies to the trial court below by a timely request, objection, or motion, which was ruled on by the trial court expressly or implicitly, or which it refused to rule on

2

despite complaint. TEX. R. APP. P. 33.1. The only objection to the PSI report was sustained by the trial court in Sparks' favor.[1] The exclusion of any alleged inaccuracies in the PSI report was not requested by Sparks, and the point of error complained of on appeal was not preserved in Sparks' motion for new trial. Based on the objection presented, Sparks received all the relief he requested from the trial court; therefore, nothing is presented for this Court's review.

We affirm the trial court's judgment revoking Sparks' community supervision.


Jack Carter
Justice

Date Submitted:     January 12, 2010
Date Decided:       January 13, 2010

Do Not Publish

---

[1]The trial judge admitted the PSI report into evidence, but sustained the objection "as to those three arrests in December of '08."